# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **LESLIE S. LAMANSKE, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **COLLECTIVE AND CLASS ACTION** |
| **CRYSTAL CLEAR ENTERPRISE, INC.,** | **JURY TRIAL REQUESTED** |
| **Defendant.** | |

## COMPLAINT

Plaintiff Leslie S. Lamanske ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Complaint against Crystal Clear Enterprise, Inc. ("Defendant"), and hereby states and alleges as follows:

## INTRODUCTION

1.      Plaintiff and all others similarly situated are hourly, non-exempt employees who work or worked for Defendant, a commercial cleaning services company.  During the relevant time periods preceding this action, Defendant improperly deducted time from employees' shifts and suffered or permitted employees to spend time working "off the clock" without pay.  Pursuant to its company-wide policies, procedures, and practices, Defendant: (1) automatically deducted rest periods of short durations of time (15 minutes) from the total hours worked by employees during their shifts, and (2) automatically deducted meal periods (30 minutes) from the total hours worked by employees during their shifts, when such hourly employees worked during and/or through such meal periods, resulting in employees performing a significant amount of compensable work without pay.  As a result, Defendant failed to pay Plaintiff and other similarly situated employees for all hours worked, including overtime premiums for all hours worked over 40 in a workweek.

1

2.      Plaintiff, individually, and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant; and (b) a Rule 23 class action under Missouri state law, including the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500, *et seq.*, to recover unpaid straight time and overtime wages owed to Plaintiff and all other similarly situated workers employed by Defendant.

3.      Plaintiff's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached to this Complaint as Exhibit A.

## JURISDICTION AND VENUE

4.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims, including those brought under R.S.Mo. § 290.500, *et seq.*, because they are so related to the FLSA claims that they form part of the same case or controversy.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

7.      Plaintiff is an individual residing in the State of Missouri.

8.      From approximately April 2017 through March 2018, Plaintiff was employed by Defendant as an hourly, non-exempt employee, with the job title of Site Supervisor.

9.      Defendant is a for-profit corporation organized under the laws of the State of Missouri, with its principal place of business located in the State of Missouri.

10.     Defendant's headquarters is located at 600 Goode Avenue, Grandview, Missouri 64030.

11.     Defendant "provide[s] a variety of commercial cleaning services for all of your Kansas City business's cleaning and maintenance needs." https://www.crystalclearkc.com/services/ (last visited on May 17, 2018).

12.     Some of Defendant's cleaning services include "janitorial services, carpet cleaning services, floor care services, specialty work, and janitorial and sanitary supplies." https://www.crystalclearkc.com/services/ (last visited on May 17, 2018).

13.     According to Defendant's website:

> We work around the clock, understanding that different institutions have different needs and providing them with tailor-made solutions. Our clients include schools, small businesses, car dealerships, large corporations, and hospitals. In addition, we provide services to some major private and government owned facilities, such as Truman Medical Center, Government Employees' Health Association, Federal Aviation Administration, Kansas City Royals, county government buildings, city government buildings, KC Renaissance, and more.

https://www.crystalclearkc.com/services/ (last visited on May 17, 2018).

14.     At all relevant times, Defendant was the employer of Plaintiff, and all other similarly situated employees.

15.     At all relevant times, Defendant acted by and through its agents, servants, and employees, each of whom acted in the course and scope of their employment with and for Defendant.

### ALLEGATIONS COMMON TO ALL COUNTS

16.     Plaintiff re-alleges the allegations set forth above.

17.     Plaintiff and all similarly situated employees are non-exempt, hourly employees who work or worked for Defendant within the respective limitations periods.

18.     During their employment, Plaintiff and other similarly situated employees were assigned shifts at various work sites where they provided various cleaning services on behalf of Defendant.

19.     If an employee's shift lasted approximately four hours or more, Defendant automatically deducted fifteen minutes from the employee's shift to account for a fifteen-minute rest period.

20.     If an employee's shift lasted approximately eight hours or more, Defendant automatically deducted forty-five minutes from the employee's shift to account for a fifteen-minute rest period, and a thirty-minute meal period.

21.     If an employee's shift lasted somewhere between four and eight hours, Defendant automatically deducted anywhere between thirty minutes to forty-five minutes to account for rest periods and/or meal periods.

22.     Under the FLSA and Missouri law, rest periods of short duration, running from 5 minutes to about 20 minutes, "must be counted as hours worked." 29 C.F.R. § 785.18; 8 C.S.R. § 30-4.010(1) (the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations).

23.     Thus, Defendant's employees were entitled to be paid for rest periods of short duration, running from 5 minutes to about 20 minutes.

24.     Furthermore, while "bona fide meal periods are not worktime," the employee must be completely relieved from duty for the purposes of eating regular meals.  29 C.F.R. § 785.19.

"The employee is not relieved if he [or she] is required to perform any duties, whether active or inactive, while eating." *Id.*

25.     Defendant's employees were consistently required to perform duties during their meal periods and were not completely relieved from duty.  In fact, Defendant's employees were usually not even allowed a thirty-minute meal period during their shift.  On those occasions, Defendant nonetheless automatically deducted the untaken meal period from the wages of Plaintiff and others similarly situated.

26.     Because of Defendant's pay practices, Plaintiff and all similarly situated employees were not compensated for hours actually worked during the workweek.  Because of Defendant's pay practices, Plaintiff and all similarly situated employees worked "off the clock" through these automatically deducted rest periods and meal periods.

27.     Because of Defendant's pay practices, Plaintiff and all similarly situated employees often worked in excess of 40 hours in a workweek for which they were not compensated.

28.     Because of Defendant's pay practices, Defendant has failed to pay Plaintiff and all similarly situated employees for all hours worked and/or overtime for any hours worked over 40 in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), Missouri's Minimum Wage Laws ("MMWL"), and Missouri common law.

29.     Defendant knew or should have known about these pay practices, and that a substantial amount of work by Plaintiff and others similarly situated was not compensated.

30.     Defendant follows the same policy and practice of automatic rest and meal periods with respect to Plaintiff and all other similarly situated hourly, non-exempt, employees.

**COLLECTIVE AND CLASS ACTION ALLEGATIONS**

31.     Plaintiff re-alleges the allegations set forth above.

32.     Plaintiff brings Count I, the FLSA claim arising out of Defendant's automatic rest period deduction policy, as an "opt in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class: All persons currently and formerly employed by Defendant in hourly, non-exempt positions at any time during the last three (3) years, and who worked within the United States.

33.     Plaintiff brings Count II, the FLSA claim arising out of Defendant's automatic meal period deduction policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and the following collective action class: All persons currently and formerly employed by Defendant in hourly, non-exempt positions at any time during the last three (3) years, and who worked within the United States.

34.     Plaintiff's FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

35.     Plaintiff, individually and on behalf of all others similarly situated, seek relief on a collective basis challenging Defendant's above-described FLSA violations.  The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendant's records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

36.     Plaintiff brings Count III, the MMWL claim arising out of Defendant's automatic rest period deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendant in hourly, non-exempt positions at any time during the last two (2) years, and who worked within the State of Missouri.

37.     Plaintiff brings Count IV, the MMWL claim arising out of Defendant's automatic meal period deduction policy, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendant in hourly, non-exempt positions at any time during the last two (2) years, and who worked within the State of Missouri.

38.     Plaintiff brings Count V, the unjust enrichment/quantum meruit claim, as a class action under Fed. R. Civ. P. 23, on behalf of herself and the following class: All persons currently and formerly employed by Defendant in hourly, non-exempt positions at any time during the last five (5) years, and who worked within the State of Missouri.

39.     Plaintiff's MMWL claims (Counts III and IV), and unjust enrichment/quantum meruit claim (Count V), described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

40.     These classes each number in the dozens of workers. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

41.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

> a.     Whether Defendant violated the law when it failed to pay Plaintiff and class members for all hours worked;
>
> b.     Whether Defendant had policies and practices of failing to compensate Plaintiff and class members for all time worked;

c.   Whether Defendant failed to pay Plaintiff and class members wages and overtime compensation required under R.S.Mo. § 290.500, *et seq.*;

d.   Whether Defendant was unjustly enriched by virtue of its policies and practices with respect to Plaintiff's and class members' pay; and

e.   Whether Defendant willfully violate state and federal wage and hour laws.

42.   The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

43.   Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar hourly positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

44.   A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendant has acted or refused to act on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

45.   Plaintiff is an adequate representative because she is a member of each of the respective classes she seeks to represent, and her interests do not conflict with the interests of the members of those classes.  The interests of the members of the classes will be fairly and adequately protected by Plaintiff and her undersigned counsel, who are experienced prosecuting complex wage and hour, employment, and class action litigation.

8

46.     Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in consistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## ALLEGATIONS APPLICABLE TO THE FLSA CLAIMS (COUNTS I-II)

47.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

48.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.  29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

49.     Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and its employees are engaged in commerce.

50.     During all relevant times to this action, Defendant was the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA.  29 U.S.C. § 203(d).

51.     During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA.  29 U.S.C. § 203(e).

52.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA.  Accordingly, Plaintiff and all similarly situated employees must be paid minimum wage in accordance with 29 U.S.C. § 206.

53.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  29 U.S.C. § 207(a).

54.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

55.     Plaintiff and all similarly situated employees are victims of a uniform compensation policy.  Defendant is applying the same unlawful compensation policy to all similarly situated employees.

56.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether, its conduct was prohibited by the FLSA.

57.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant acted in good faith or with reasonable grounds in failing to pay overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

58.     Because of this violation of the FLSA's overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the overtime premium pay

along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO THE MMWL CLAIMS (COUNTS III-IV)

59.     At all times relevant, Plaintiff and the class members have been entitled to the rights, protections, and benefits provided under the Missouri Minimum Wage Law ("MMWL"), R.S.Mo. § 290.500 *et seq*.

60.     The MMWL regulates, among other things, the payment of minimum wage and overtime wages by employers, subject to limited exceptions not applicable herein, and provide or have provided for during part or all of the applicable limitations period for a higher minimum wage than that provided for under federal law.  R.S.Mo. §§ 290.500(3) & (4); R.S.Mo. § 290.505.1.

61.     The MMWL should be construed in accordance with its provisions and those of the FLSA.  Specifically, the Missouri Department of Labor has promulgated regulations providing that except as otherwise provided by Missouri law, the interpretation and enforcement of the MMWL follows the FLSA and its companion regulations.  *See* 8 C.S.R. § 30-4.010(1).

62.     During all times relevant to this action, Defendant was the "employer" of Plaintiff and the class members within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3), (4).

63.     During all times relevant to this action, Plaintiff and the class members were Defendant's "employees" within the meaning of the MMWL.  R.S.Mo. §§ 290.500(3).

64.     Plaintiff and the class members are covered, non-exempt employees within the meaning of the MMWL.  Accordingly, employees are entitled to be paid at least minimum wage for all hours worked in each workweek.  R.S.Mo. § 290.502.1.

65.     Pursuant to the MMWL, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek.  R.S.Mo. § 290.505.1.

66.     Although the MMWL contains some exceptions (or exemptions) from the minimum wage and overtime pay obligations, none of those exceptions (or exemptions) applies here.  R.S.Mo. § 290.500(3).

67.     Plaintiff and the class members are victims of uniform compensation policies. Defendant is applying the same unlawful compensation policy to Plaintiff and the class members in the State of Missouri.

68.     Plaintiff and the class are entitled to damages equal to all unpaid regular and overtime wages due within two (2) years preceding the filing of the Complaint, plus periods of equitable tolling, along with an additional equal amount as liquidated damages, less any amount actually paid to the employees by Defendant.  R.S.Mo. § 290.527.

69.     Plaintiff and the class are also entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

70.     Defendant is also liable to Plaintiff and the class for costs and reasonable attorney fees incurred in this action.  R.S.Mo. § 290.527.

### COUNT I – Violation of the FLSA (Unpaid Overtime)

**Arising Out of Defendant's Automatic Rest Period Deduction Policy**

**(Brought Against Defendant by Plaintiff, Individually, and
on Behalf of All Others Similarly Situated)**

71.     Plaintiff re-alleges the allegations set forth above.

72.     Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

73.     Specifically, as discussed above, Defendant automatically deducted rest periods of short durations of time (15 minutes) from the total hours worked by employees during their shifts.

74.     This policy resulted in Defendant failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.

75.     WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

   a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;

   b.     Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);

   c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

   d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

   e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

   f.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

**COUNT II – Violation of the FLSA (Unpaid Overtime)**

**Arising Out of Defendant's Automatic Meal Period Deduction Policy**

13

**(Brought Against Defendant by Plaintiff, Individually, and
on Behalf of All Others Similarly Situated)**

76.     Plaintiff re-alleges the allegations set forth above.

77.     Defendant violated the FLSA by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

78.     Specifically, as discussed above, Defendant automatically deducted meal periods (30 minutes) from the total hours worked by employees during their shifts, when such hourly employees worked during and/or through such meal periods, resulting in employees performing a significant amount of compensable work without pay.

79.     This policy resulted in Defendant failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.

80.     WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

> a.     Issue notice to all similarly situated employees of Defendant informing them of their right to file consents to join the FLSA portion of this action;
>
> b.     Award Plaintiff and all similarly situated employees damages for unpaid overtime wages under 29 U.S.C. § 216(b);
>
> c.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);
>
> d.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;
>
> e.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b);

14

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## COUNT III – Violation of the MMWL (Unpaid Overtime)

**Arising Out of Defendant's Automatic Rest Period Deduction Policy**

**(Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)**

81.      Plaintiff re-alleges the allegations as set forth above.

82.      Defendant violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

83.      Specifically, as discussed above, Defendant automatically deducted rest periods of short durations of time (15 minutes) from the total hours worked by employees during their shifts.

84.      This policy resulted in Defendant failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.

85.      WHEREFORE, on Count III of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a.      Certify the state law claim set forth in Count III above as a class action pursuant to Fed. R. Civ. P. 23;

b.      Award Plaintiff and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

c.      Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.      Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.  Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

### COUNT IV – Violation of the MMWL (Unpaid Overtime)

**Arising Out of Defendant's Automatic Meal Period Deduction Policy**

**(Brought Against Defendant by Plaintiff, Individually,
and on Behalf of All Others Similarly Situated)**

86.  Plaintiff re-alleges the allegations as set forth above.

87.  Defendant violated the MMWL by failing to pay Plaintiff and all other similarly situated employees for all overtime hours worked at one and one-half times the regular rate for all hours worked in excess of forty hours in a workweek.

88.  Specifically, as discussed above, Defendant automatically deducted meal periods (30 minutes) from the total hours worked by employees during their shifts, when such hourly employees worked during and/or through such meal periods, resulting in employees performing a significant amount of compensable work without pay.

89.  This policy resulted in Defendant failing to pay Plaintiff and all other similarly situated employees all earned overtime wages.

90.  WHEREFORE, on Count IV of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a.  Certify the state law claim set forth in Count IV above as a class action pursuant to Fed. R. Civ. P. 23;

b.  Award Plaintiff and the Class damages for unpaid overtime wages under R.S.Mo. § 290.527;

16

c.     Award Plaintiff and the Class liquidated damages under R.S.Mo. § 290.527;

d.     Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

e.     Award Plaintiff and the Class attorneys' fees and costs as allowed by R.S.Mo. § 290.527; and

f.     Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## COUNT V

### Unjust Enrichment / Quantum Meruit

### (Brought Against Defendant by Plaintiff, Individually, and on Behalf of All Others Similarly Situated)

91.     Plaintiff re-alleges the allegations set forth above.

92.     Defendant benefited from the unpaid work performed by Plaintiff and the Class.

93.     Additionally, Defendant benefited by failing to pay its employees at the legal and applicable wage rates set by state and/or federal law, thereby failing to pay all wages due, including overtime wages in compliance with the law.

94.     Defendant was aware or should have been aware that it was receiving the benefit of this unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

95.     Defendant's acceptance and retention of the benefit of Plaintiff and the Class's unpaid labor was inequitable and resulted in Defendant being unjustly enriched.

96.     WHEREFORE, on Count V of this Complaint, Plaintiff and the Class demand judgment against Defendant and pray this Court:

a.  Certify the state law claim set forth in Count V above as a class action pursuant to Fed. R. Civ. P. 23;

b.  Order Defendant to disgorge the value of its ill-gained benefits to Plaintiff and the Class;

c.  Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law; and

d.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  May 18, 2018                         Respectfully submitted,

                                             McCLELLAND LAW FIRM
                                             *A Professional Corporation*

                                             By:    /s/ Ryan L. McClelland
                                                    Ryan L. McClelland, MO Bar #59343
                                                    Michael J. Rahmberg, MO Bar #66979
                                                    The Flagship Building
                                                    200 Westwoods Drive
                                                    Liberty, Missouri   64068-1170
                                                    Telephone:    (816) 781-0002
                                                    Facsimile:    (816) 781-1984
                                                    ryan@mcclellandlawfirm.com
                                                    mrahmberg@mcclellandlawfirm.com

                                                    ATTORNEYS FOR PLAINTIFF